**BEFORE THE JUDICIAL PANEL ON**

**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>MEDTRONIC, INC., SPRINT FIDELIS LEADS PRODUCTS LIABILITY LITIGATION | MDL DOCKET No. 1905 |

**INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS <u>TRANSFEREE DISTRICT</u>**

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

[Additional Counsel on the Signature Page]

*Attorney for Plaintiff Rashid Hunter*

Pursuant to Rule 7.2 of the Rules of Procedure on Multidistrict Litigation, Rashid Hunter, Plaintiff in an action encaptioned <u>Rashid Hunter, individually and on behalf of all others similarly situated v. Medtronic, Inc., <i>et al.</i></u>, case no. 07-cv-6474, currently pending in the United States District Court for the Northern District of California ("Plaintiff Hunter") hereby responds on behalf of himself and all others similarly situated in support of, and for inclusion in MDL 1905 centralization and for consideration of the Northern District of California as an MDL 1905 transferee district.  Plaintiff Hunter respectfully requests that the Panel centralize all pending putative class actions and other personal injury actions and lawsuits filed against Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic International Technology, Inc. formerly known as Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Company, Inc. (hereinafter collectively referred to as "Medtronic") concerning Medtronics' Sprint Fidelis leads, as well as any other cases that may subsequently be filed asserting similar or related claims, by transfer to a single district court under 28 U.S.C. § 1407, and that the Panel consider transfer to the Northern District of California, San Francisco, and appointment of Honorable William H. Alsup as transferee judge.  The Northern District of California clearly has established its ability to successfully manage multidistrict cases and other complex litigation, and the parties in this litigation would greatly benefit from the aid of the case management expertise of this District.

In support of centralization of the litigation, Plaintiff Hunter avers the following:

1.    Plaintiff respectfully requests that this Panel add to the potential MDL No. 1905 transferee courts already under its consideration the Northern District of California because:

a.    The Northern District of California is experienced in the management of complex products liability litigation.  The District has already successfully

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 1 -

742364.2

coordinated complex products litigation, like this one, previously transferred there by the Panel, and the District has displayed a strong interest in the efficient and just resolution of such claims;

      b.     The Northern District of California has a history of energetic and efficient resolution of complex litigation;

      c.     The Northern District of California offers a convenient location;

      d.     The Northern District of California has an efficiently managed and speedy docket.

      2.     There are three (3) MDL No. 1905-related cases on file in the Northern District of California.  Copies of the complaints are attached hereto as Exhibit "A".  Rashid Hunter is the plaintiff in Hunter, *et al.* v. Medtronic, *et al.*, case no. 07-cv-6474 (NDCA) (the "Hunter action").  The Hunter action was filed on December 26, 2007.  West v. Medtronic, *et al.*, case no. 07-cv-5697 (NDCA), was filed on November 8, 2007.  Plaintiff Hunter has initiated the Local Rules' process to have the Hunter and West cases related to the lower-numbered case, Baque v. Medtronic, Inc., case no. 07-cv-5352 (WHA), filed in the Northern District of California on October 19, 2007 and assigned to the Honorable William H. Alsup.

      3.     In his Complaint, Plaintiff Hunter asserts that he had a defective Medtronic Sprint Fidelis lead implanted in his heart, to permit his implantable cardioverter defibrillator/pacemaker to function properly.  The Sprint Fidelis leads were recalled by Medtronic on October 15, 2007, pursuant to an FDA Class I Recall.

      4.     The Sprint Fidelis lead wires are prone to stress fracture after implantation.  The fractures have been reported to occur after the leads have been in place in the heart for a period of time, and are unpredictable.  Further, as part of the recall, Medtronic sent form letters to physicians of certain Sprint Fidelis lead patients, like Plaintiff, advising them that

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 2 -

742364.2

the leads require medical monitoring and reprogramming.  See October 15, 2007 letter from

Medtronic to physicians, attached hereto as Exhibit "B".  The information provided to the

patients is alarming and confusing.  In its October 15, 2007 letter to physicians, Medtronic

recommends reprogramming of the implantable cardioverter defibrillators to "increase the

likelihood that a fracture will be detected", but, certainly, will not guarantee that the fractures are

either detectable or predictable.  There is no clear plan for the manner or method of medical

monitoring required under these circumstances.  This confusion has heightened the emotional

distress suffered by this already extremely fragile population of cardiac patients.

   5.  Plaintiff Hunter seeks classwide declaratory, equitable and injunctive

relief, notice and damages as a result of Medtronic's negligence and misrepresentation in

connection with the design, manufacture, promotion, sale, distribution, and implantation of the

Sprint Fidelis leads.  First and foremost, Plaintiff seeks a trial on the issue of medical monitoring,

and requests that a medical monitoring program be implemented for him and each of the cardiac

patients in California for whom he has brought this lawsuit.

   6.  In addition to the Hunter action, there are numerous other related actions

asserting substantially similar claims and seeking almost identical relief that have been initiated

in various district courts throughout the United States.  These actions are set forth in the schedule

of related actions attached to the previously filed motion of Plaintiff John North for Joinder in

the Motion of Frederick Santitoro and Richard Kinney for Transfer and Consolidation of Related

Actions Pursuant to 28 U.S.C. § 1407.  All of these actions allege virtually identical claims under

the laws of products liability, breach of warranty, and negligence as well as consumer fraud

statutes.

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET
NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF
CALIFORNIA AS TRANSFEREE DISTRICT

- 3 -

742364.2

7.      As required by 28 U.S.C. § 1407(a), the cases proposed for centralization "involve one or more common questions of fact" inasmuch as they are premised on virtually identical factual allegations with respect to Medtronic's conduct and the resulting harm to patient consumers, like Plaintiff Hunter.  Specifically, the plaintiffs in each of these actions assert that Medtronic developed, designed, manufactured, marketed, distributed and sold more than 268,000 Sprint Fidelis lead systems, which have resulted in numerous reports of failure, a recall, and at least five deaths.

8.      The proposed transfer for centralization "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions.  28 U.S.C. § 1407(a).  For example, one judge can establish a single case management order for pretrial matters in the related actions, which will allow all parties and counsel to participate in conferences, hearings, depositions, document production, other written discovery, and any and all other appropriate pretrial discovery without unnecessary duplication of effort, expenditure of party resources, and imposition on witnesses.  The transferee court can also establish "bellwether" trials in cases filed or re-filed in the transferee district.  Coordination will also eliminate the risk of inadvertent and potentially problematic inconsistent rulings on pretrial motions, including motions for class certification, which may occur if the related actions remain uncoordinated and pending before different courts.  Consequently, the savings in time and expense that will result from centralization will benefit all the litigants and the judicial system.

9.      Medtronic has agreed that centralization and coordination are important in this case as set forth in Defendants' Response to Plaintiffs Santitoro's and Kinney's Motion. Where Defendants have expressed a preference, they have recommended centralization in either the Western District of Missouri or the District of Minnesota.

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET
NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF
CALIFORNIA AS TRANSFEREE DISTRICT

10.    Plaintiffs in actions filed around the country have sought the Panel to

consider the following transferee districts for transfer and centralization of these matters:

**Transfer and Consolidation Requests**
**MDL No. 1905 In Re: Medtronic, Inc., Sprint Fidelis Leads Product Liability Litigation**

| Action | Plaintiff | Jurisdiction in Which the Matter was Filed | Complaint Filed | Plaintiff's Requested Transferee District |
|---|---|---|---|---|
| *Jeneane Baque v. Medtronic, Inc., et al,* Case No. 07-cv-5352 | Baque | NDCA | 10/19/2007 | NDCA |
| *Willie & Pamela West v. Medtronic, Inc., et al,* Case No. 07-cv-5697 | West | NDCA | 11/8/2007 | NDCA |
| *Rashid Hunter v. Medtronic, Inc., et al,* Case No. 07-cv-6474 | Hunter | NDCA | 12/26/2007 | NDCA |
| *David Wood, et al, v. Medtronic Inc., et al,* Case No. 07-cv-01971-JAG | Wood | DPR | 10/16/2007 | DPR or NDCA |
| *Colon-Perez, et al, v. Medtronic Inc., et al,* Case No. 07-cv-2021-GAG | Colon-Perez, et al | DPR | 10/25/2007 | DPR |
| *Philip S. Brown v. Medtronic, Inc., et al,* Case No. 07-cv-2542 | Brown | DKS | 12/28/2007 | DKS |
| *Rodney C. Kesti v. Medtronic, Inc., et al,* Case No. 07-cv-4442 | Kesti | DMN | 10/31/2007 | DMN |
| *Linda J. White v. Medtronic Inc., et al,* Case No. 07-cv-4412-PJS-RLE | White | DMN | 10/29/2007 | SDFL |
| *Doug Venning v. Medtronic Inc., et al,* Case No. 07-cv-81056 | Venning | SDFL | 11/7/2007 | SDFL |
| *John North v. Medtronic, Inc., et al,* Case No. 07-22764-CIV-HUCK/SIMONTON | North | SDFL | 10/19/2007 | SDFL |
| *Eugene Clasby v. Medtronic, Inc., et al,* Case No. 07-cv-22768 | Clasby | SDFL | 10/19/2007 | SDFL |
| *Ted Carter v. Medtronic, Inc., et al,* Case No. 2:07-cv-0752 | Carter | SDWV | 11/20/2007 | SDWV |
| *Kenneth Carlile v. Medtronic, Inc., et al,* Case No. 07-cv-6110 | Carlile | WDMO | 10/19/2007 | WDMO |
| *Frederick Santitoro, et al, v. Medtronic, Inc., et al,* Case No. 07-cv-1972-JAG | Santitoro | DPR | 10/16/2007 | None specified |

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET
NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF
CALIFORNIA AS TRANSFEREE DISTRICT

| Action | Plaintiff | Jurisdiction in Which the Matter was Filed | Complaint Filed | Plaintiff's Requested Transferee District |
|---|---|---|---|---|
| *Frederick Santitoro, et al, v. Medtronic, Inc., et al,* Case No. 07-cv-1972-JAG | Kinney | DPR | 10/16/2007 | None specified |

11.    For the reasons set forth in the accompanying Memorandum of Law, the pleadings and papers filed herein to date, and such other matters as may be presented to the Panel at the time of the hearing,[1] Plaintiff Hunter respectfully requests that the Panel consider the Northern District of California as a transferee court.


Dated:  January 2, 2008                          Respectfully submitted,



                                                 By:_____
                                                      Elizabeth J. Cabraser

---

[1] In compliance with Rule 5.2 of the Rules of Procedure in the Judicial Panel on Multidistrict Litigation, Plaintiff Hunter has simultaneously delivered copies of this motion and supporting papers to the Clerk of each District in which the related actions are pending.  The cover letters to the clerks have been attached hereto as Exhibit "C".

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

| Action | Plaintiff | Jurisdiction in Which the Matter was Filed | Complaint Filed | Plaintiff's Requested Transferee District |
|---|---|---|---|---|
| *Frederick Santitoro, et al, v. Medtronic, Inc., et al,* Case No. 07-cv-1972-JAG | Kinney | DPR | 10/16/2007 | None specified |

11.    For the reasons set forth in the accompanying Memorandum of Law, the pleadings and papers filed herein to date, and such other matters as may be presented to the Panel at the time of the hearing,[1] Plaintiff Hunter respectfully requests that the Panel consider the Northern District of California as a transferee court.


Dated:  January 2, 2008                      Respectfully submitted,


                                             By: _____
                                                 Elizabeth J. Cabraser

---

[1] In compliance with Rule 5.2 of the Rules of Procedure in the Judicial Panel on Multidistrict Litigation, Plaintiff Hunter has simultaneously delivered copies of this motion and supporting papers to the Clerk of each District in which the related actions are pending.  The cover letters to the clerks have been attached hereto as Exhibit "C".

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 6 -

742364.2

Elizabeth J. Cabraser
LIEFF, CABRASER,
HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Wendy R. Fleishman
780 Third Ave., 48th Floor
New York, NY 10017-2024
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

Elizabeth A. Alexander
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN  37219-2423
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

Counsel for Plaintiff Rashid Hunter

INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET
NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF
CALIFORNIA AS TRANSFEREE DISTRICT