**BEFORE THE JUDICIAL PANEL ON**

**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>MEDTRONIC, INC., SPRINT FIDELIS LEADS PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1905 |

**MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT <u>OF CALIFORNIA AS TRANSFEREE DISTRICT</u>**

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile: (415) 956-1008

[Additional Counsel on the Signature Page]

*Attorneys for Plaintiff Rashid Hunter*

742364.2

Pursuant to Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Rashid Hunter, Plaintiff in <u>Hunter v. Medtronic, et al.</u>, case no. 07-cv-6474, on behalf of himself and all others similarly situated, submits this memorandum of law supporting his request that the Judicial Panel on Multidistrict Litigation ("the Panel") include the Northern District of California, San Francisco, California, in those forums under consideration for transfer and centralization in this matter.

I.   **BACKGROUND**

In March 2007, Defendant Medtronic, Inc. issued an advisory to physicians relating to Sprint Fidelis leads developed and manufactured by Medtronic, Inc., with and through its subsidiaries Medtronic International Technology, Inc., formerly known as Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Company, Inc. (hereinafter collectively referred to as "Medtronic").  A copy of that Physician Advisory is attached hereto as Exhibit "D".

According to Medtronic, approximately 268,000 Sprint Fidelis lead systems have been sold and implanted in heart patients throughout the United States and worldwide since approval by the United States Food and Drug Administration (the "FDA") in September 2004.

Medtronic's March 2007 advisory to physicians states that "the higher than expected conductor failure rate in . . . Sprint Fidelis leads" were reported.  Medtronic further states that "variables within the implant procedures may contribute significantly to these fractures," and suggested that the Sprint Fidelis leads could "severely bend" or "kink" if they were implanted using certain accepted implant techniques.  Thereafter, on October 15, 2007 Medtronic recalled all non-implanted Sprint Fidelis leads, citing issues with lead fractures that had apparently resulted in five deaths.  <u>See</u> Exhibit "B".

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS  TRANSFEREE DISTRICT

- 1 -

742364.2

In light of this Advisory, Plaintiff Hunter, individually and on behalf of a proposed class, filed an action in the Northern District of California on December 26, 2007 against Medtronic. Plaintiff has alleged, *inter alia*, that Medtronic designed, manufactured, marketed, distributed and sold the Sprint Fidelis leads that are defective, that Medtronic concealed knowledge of the defect for some period after the initial FDA approval in September 2004 and before the March 2007 Advisory and the October 15, 2007 recall. Further, Plaintiff alleged that as a direct and proximate result of the defective products being placed in the stream of commerce by Medtronic, Plaintiff Hunter and members of the statewide class of California residents and citizens suffered and will continue to suffer a risk of possible death, severe injury and disability including physical and mental pain and suffering as well as economic loss. Further, all patients like Rashid Hunter, in whom the potentially defective leads remain, require medical monitoring and reprogramming by Defendants' representatives and their physicians. Rashid Hunter and all others similarly situated have expressed extraordinary confusion and alarm at this need for continued and intensive medical monitoring and now seek court intervention to establish a fund to supervise that medical monitoring.

Plaintiff is presently aware of more than forty (40) other related actions that have been filed in various district courts throughout the United States. These actions all name Medtronic as a defendant and assert substantially similar claims and seek almost identical relief. These actions are set forth in the schedule of actions attached to the North Joinder Motion.

Centralization of these actions is appropriate because they involve common factual questions, common questions of law, and will require common discovery. Transfer for centralization will further the efficient and expeditious resolution of this matter and will promote the just and efficient conduct of these actions.

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 2 -

742364.2

II. **ARGUMENT**

 A. **Centralization Of Medtronic Sprint Fidelis Lead Cases For Coordinated Pretrial Proceedings Will Further The Goals of § 1407.**

For all the reasons set forth in part II.A of the Motion of Frederick Santitoro and Richard Kinney for Transfer and Consolidation of All Related Actions Pursuant to 28 U.S.C. § 1407, centralization of pretrial proceedings will further the goals of § 1407. To avoid duplicative and unnecessary briefing, Plaintiff Hunter will not restate those reasons here.

 B. **The Action Should Be Transferred To The Northern District of California And In Particular To The Honorable William H. Alsup.**

The key factors that this Panel considers in making the determination of an appropriate forum are:

  1. The location of parties, witnesses and documents;

  2. The accessibility of the proposed transferee district to parties and witnesses; and

  3. The respective case lists of proposed transferee district courts.

See In re Corn Derivatives Antitrust Litigation, 486 F. Supp. 929, 931-32 (J.P.M.L. 1980). Centralization of these actions in the Northern District of California for consolidated pretrial proceedings will best serve the convenience of the parties, the witnesses and the interests of justice. There are currently three related cases pending in the Northern District of California, including Baque v. Medtronic, Inc., which has been assigned to the Honorable William H. Alsup.

 C. **Convenience Of The Parties And Witnesses Favors The Northern District Of California.**

Defendant Medtronic, Inc. is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Defendants Medtronic International Technology, Inc. and Medtronic Puerto Rico Operations are both based in Puerto Rico. San Francisco is equally

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 3 -

742364.2

accessible for all parties, their counsel, and the witnesses. Therefore, the Northern District of California at San Francisco is a convenient location. Accordingly, the convenience of the parties and witnesses favors transfer to the Northern District of California.

    **D.**     **The Physical Data Relating To Caseloads And Speedy Resolution Of District Courts Favor The Northern District Of California.**

The Northern District of California has the available judicial resources, and is blessed with an energetic and creative judiciary who have the experience necessary to effectively manage a complex product liability action like this one. Data from federal court management statistics reveals that the Northern District of California is well situated to provide an efficient disposition of this litigation. According to judicial statistics for the 12 months ending September 30, 2006, each judgeship has only a 7.4 month time period from filing to disposition and 25 months to bring a civil case to trial. Further, the Northern District of California holds a standing of number one in the Ninth Circuit and number 4 in the country, and only 7.3% of its cases are older than three years, as of the period ending September 30, 2006. These judicial caseload profiles for the Northern District of California are attached hereto as Exhibit "E".

    **E.**     **The Northern District Of California Has Previously Been Selected As The Transferee Forum And Judge For Other Complex Product Liability Cases.**

Demonstrating its confidence in the Northern District of California's capabilities, the Panel has already selected this district as the transferee forum for other complex product liability cases. This Panel has often looked at jurists' experience and docket considerations to determine the transferee district. See, e.g., In re Celexa and Lexapro Products Liability Litigation, MDL-1736 (J.P.M.L. February 16, 2006) (transferring cases where parties were geographically dispersed to the Eastern District of Missouri to "jurists experienced in complex multidistrict litigation sitting in centrally located districts with the capacity to handle the

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 4 -

742364.2

matter"); In re Teflon Products Liability Litigation, MDL-1733 (J.P.M.L. February 21, 2006) (transferring cases where parties were geographically dispersed to Southern District of Iowa to a court that "enjoys general docket conditions permitting the Panel to effect the Section 1407 assignment to a court with the present resources to devote to the pretrial matters that this docket is likely to require"); In re Viagra Products Liability Litigation, MDL-1724 (J.P.M.L. February 21, 2006) (transferring cases where parties were geographically dispersed to the District of Minnesota to a "jurist experienced in complex multidistrict litigation and sitting in a district with the capacity to handle this litigation"); In re Bextra and Celebrex Marketing, Sales Practices and Price Liability Litigation, MDL-1699 (J.P.M.L. September 6, 2005) (transferring cases where parties were geographically dispersed to the Northern District of California to a jurist who had "experience in complex multidistrict litigation sitting in a district with the capacity to handle this litigation").  It is clear that the parties involved in this litigation are dispersed nationwide as they were in each of these complex products liability matters.  The product at issue in this case was sold and distributed nationwide and, indeed, worldwide.  As the Panel pointed out in the Bextra decision, the Northern District of California has the experience and capacity to handle such complex products liability litigation.  Id.

The Panel has previously recognized the ability of the Honorable William H. Alsup and the suitability of the Northern District of California to serve as the § 1407 transferee forum.  See, e.g., In re Graphic Processing Units Antitrust Litigation, MDL No. 1826 (J.P.M.L. April 18, 2007) (transferring case to Judge Alsup recognizing that the Northern District of California is well equipped with the resources that this docket is likely to require).

Centralization in the Northern District of California permits the Panel to effect the § 1407 assignment to a court that (1) is not currently overtaxed with other multidistrict dockets

relative to its available judicial resources, (2) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require, and (3) to a transferee judge who can steer this litigation on a steady and expeditious course. The Northern District of California meets all of these criteria and is an appropriate transferee forum.

### III.   CONCLUSION

Centralization of these actions and any other subsequently filed related case for pretrial proceedings will serve the best interests of justice by providing a single forum in which the legal rights of each of the litigants can be adjudicated fairly and efficiently. For the foregoing reasons, Plaintiff Hunter respectfully requests that the Panel consider transfer of the MDL No. 1905 action to the Northern District of California and the Honorable William H. Alsup.

Dated: January 2, 2008                            Respectfully submitted,


By:_____
     Elizabeth J. Cabraser

Elizabeth J. Cabraser
LIEFF, CABRASER,
HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 6 -

742364.2

relative to its available judicial resources, (2) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require, and (3) to a transferee judge who can steer this litigation on a steady and expeditious course. The Northern District of California meets all of these criteria and is an appropriate transferee forum.

### III.  CONCLUSION

Centralization of these actions and any other subsequently filed related case for pretrial proceedings will serve the best interests of justice by providing a single forum in which the legal rights of each of the litigants can be adjudicated fairly and efficiently. For the foregoing reasons, Plaintiff Hunter respectfully requests that the Panel consider transfer of the MDL No. 1905 action to the Northern District of California and the Honorable William H. Alsup.

Dated: January 2, 2008                    Respectfully submitted,

                                          By: _____
                                              Elizabeth J. Cabraser

                                          Elizabeth J. Cabraser
                                          LIEFF, CABRASER,
                                          HEIMANN & BERNSTEIN, LLP
                                          275 Battery Street, 30th Floor
                                          San Francisco, CA  94111-3339
                                          Telephone:  (415) 956-1000
                                          Facsimile:  (415) 956-1008

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 6 -

742364.2

Wendy R. Fleishman
780 Third Ave., 48th Floor
New York, NY 10017
Telephone: (212) 355-9500
Facsimile: (212) 355-9592


Mark Chalos
Elizabeth A. Alexander
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2423
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

Counsel for Plaintiff Rashid Hunter

MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PERSON RESPONSE OF PLAINTIFF RASHID HUNTER FOR INCLUSION IN MDL DOCKET NO. 1905 CENTRALIZATION AND FOR CONSIDERATION OF THE NORTHERN DISTRICT OF CALIFORNIA AS TRANSFEREE DISTRICT

- 7 -

742364.2